IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                     )
SIKHS FOR JUSTICE, *et al.*,                 )
                                                     )
                            Plaintiffs,          )
                                                     )
            v.                                     )        Case No. 1:13-cv-01460-JEB
                                                     )
MANMOHAN SINGH,                          )
                                                     )
                            Defendant.          )
_____)


**SUGGESTION OF IMMUNITY
SUBMITTED BY THE UNITED STATES OF AMERICA**


The United States of America, pursuant to 28 U.S.C. § 517,[1] respectfully informs the

Court of the interest of the United States in the pending claims against Prime Minister

Manmohan Singh, the sitting head of government of the Republic of India, and hereby informs

the Court that Prime Minister Singh is immune from this suit.[2]  In support of its interest and

determination, the United States sets forth as follows:

1.        The United States has an interest in this action because Defendant Singh is the

sitting head of a foreign government, thus raising the question of Prime Minister Singh's

immunity from the Court's jurisdiction while in office.  The Constitution assigns to the U.S.

President alone the responsibility to represent the Nation in its foreign relations.  As an incident

of that power, the Executive Branch has sole authority to determine the immunity from suit of

---

[1]  28 U.S.C. § 517 provides that "any officer of the Department of Justice[] may be sent
by the Attorney General to any State or district in the United States to attend to the interests of
the United States in a suit pending in a court of the United States."

[2]  In this Suggestion of Immunity, the United States expresses no view on the merits of
Plaintiffs' claims against Prime Minister Singh.

sitting heads of government.  The interest of the United States in this matter arises from a

determination by the Executive Branch of the Government of the United States, in consideration

of the relevant principles of customary international law, and in the implementation of its foreign

policy and in the conduct of its international relations, to recognize Prime Minister Singh's

immunity from this suit while in office.  As discussed below, this determination is controlling

and is not subject to judicial review.  Thus, no court has ever subjected a sitting head of

government to suit once the Executive Branch has determined that he or she is immune.

      2.      The Office of the Legal Adviser of the U.S. Department of State has informed the

Department of Justice that the Embassy of the Republic of India has formally requested the

Government of the United States to determine that Prime Minister Singh is immune from this

lawsuit.  The Office of the Legal Adviser has further informed the Department of Justice that the

"Department of State recognizes and allows the immunity of Prime Minister Singh as a sitting

head of government from the jurisdiction of the United States District Court in this suit."  Letter

from Mary E. McLeod to Stuart Delery (copy attached as Exhibit A).

      3.      For many years, the immunity of both foreign states and foreign officials was

determined exclusively by the Executive Branch, and courts deferred completely to the

Executive's foreign sovereign immunity determinations.  *See, e.g., Republic of Mexico v.

Hoffmann*, 324 U.S. 30, 35 (1945) ("It is therefore not for the courts to deny an immunity which

our government has seen fit to allow, or to allow an immunity on new grounds which the

government has not seen fit to recognize.").  In 1976, Congress codified the standards governing

suit against foreign states in the Foreign Sovereign Immunities Act, transferring to the courts the

responsibility for determining whether a foreign state is subject to suit.  28 U.S.C. §§ 1602 *et

seq.*; *see id.* § 1602 ("Claims of foreign states to immunity should henceforth be decided by

courts of the United States and of the States in conformity with the principles set forth in this chapter.").

4.      As the Supreme Court explained, however, Congress has not similarly codified standards governing the immunity of foreign officials from suit in our courts. *Samantar v. Yousuf*, 130 S. Ct. 2278, 2292 (2010) ("Although Congress clearly intended to supersede the common-law regime for claims against foreign states, we find nothing in the statute's origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."). Instead, when it codified the principles governing the immunity of foreign states, Congress left in place the practice of judicial deference to Executive Branch immunity determinations with respect to foreign officials. *See id*. at 2291 ("We have been given no reason to believe that Congress saw as a problem, or wanted to eliminate, the State Department's role in determinations regarding individual official immunity."). Thus, the Executive Branch retains its historic authority to determine a foreign official's immunity from suit, including the immunity of foreign heads of state and heads of government. *See id*. at 2284–85 & n.6 (noting the Executive Branch's role in determining head of state immunity).

5.      The doctrine of head of state immunity is well established in customary international law. *See Satow's Guide to Diplomatic Practice* 9 (Lord Gore-Booth ed., 5th ed. 1979). Although the doctrine is referred to as "head of state immunity," it applies to heads of government and foreign ministers as well. *See, e.g.*, *The Schooner Exchange v. M'Faddon*, 11 U.S. (7 Cranch) 116, 138-39 (1812) (discussing generally the immunity of foreign ministers in U.S. courts); *Arrest Warrant of 11 Apr. 2000 (Dem. Rep. Congo v. Belgium)*, 2002 I.C.J. 3, 20-21 (Feb. 14) (Merits) (heads of state, heads of government, and ministers of foreign affairs enjoy

immunity from the jurisdiction of foreign states); Restatement (Second) of Foreign Relations Law §§ 65, 66 (1965) (noting that head of state immunity includes heads of government).

6.      In the United States, head of state immunity determinations are made by the Department of State, incident to the Executive Branch's authority in the field of foreign affairs. The Supreme Court has held that the courts of the United States are bound by Suggestions of Immunity submitted by the Executive Branch.  *See Hoffman*, 324 U.S. at 35–36; *Ex parte Peru*, 318 U.S. 578, 588–89 (1943).  In *Ex parte Peru*, in the context of foreign state immunity, the Supreme Court, without further review of the Executive Branch's immunity determination, declared that such a determination "must be accepted by the courts as a conclusive determination by the political arm of the Government."  318 U.S. at 589.  After a Suggestion of Immunity is filed, it is the "court's duty" to surrender jurisdiction.  *Id.* at 588.  The courts' deference to Executive Branch determinations of foreign state immunity is compelled by the separation of powers.  *See, e.g., Spacil v. Crowe*, 489 F.2d 614, 619 (5th Cir. 1974).

7.      For the same reason, courts also have routinely deferred to the Executive Branch's immunity determinations concerning sitting heads of state and heads of government. *See Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012) ("We must accept the United States' suggestion that a foreign head of state is immune from suit—even for acts committed prior to assuming office—as a conclusive determination by the political arm of the Government that the continued [exercise of jurisdiction] interferes with the proper conduct of our foreign relations." (quotation omitted)); *Ye v. Jiang Zemin*, 383 F.3d 620, 626 (7th Cir. 2004) ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff."); *Howland v. Resteiner*,

No. 07-CV-2332, ECF No. 27, at 5 n.2 (E.D.N.Y. Dec. 5, 2007) (noting "there is no doubt that [the sitting Prime Minister of Grenada] is entitled to immunity from th[e] Court's jurisdiction" after Executive Branch filed Suggestion of Immunity); *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 110 (D.D.C. 2005) ("When the Executive Branch concludes that a recognized leader of a foreign sovereign [in this case, Prime Minister Ariel Sharon of Israel] should be immune from the jurisdiction of American courts, that conclusion is determinative."); *Saltany v. Reagan*, 702 F. Supp. 319, 320 (D.D.C. 1988) (holding that the determination of Prime Minister Thatcher's immunity was conclusive in dismissing a suit that alleged British complicity in U.S. air strikes against Libya), *aff'd in part and rev'd in part on other grounds*, 886 F.2d 438 (D.C. Cir. 1989). When the Executive Branch determines that a sitting head of state or head of government is immune from suit, judicial deference to that determination is predicated on compelling considerations arising out of the Executive Branch's authority to conduct foreign affairs under the Constitution. *See Ye*, 383 F.3d at 626 (citing *Spacil*, 489 F.2d at 618). Judicial deference to the Executive Branch in these matters, the Seventh Circuit noted, is "motivated by the caution we believe appropriate of the Judicial Branch when the conduct of foreign affairs is involved." *Id. See also Spacil*, 489 F.2d at 619 ("Separation-of-powers principles impel a reluctance in the judiciary to interfere with or embarrass the executive in its constitutional role as the nation's primary organ of international policy." (citing *United States v. Lee*, 106 U.S. 196, 209 (1882))); *Ex parte Peru*, 318 U.S. at 588.[3]  As noted above, in no case has a court subjected a sitting head

---

[3] As other courts have explained, the Executive Branch possesses substantial institutional resources and extensive experience with which to conduct the country's foreign affairs. *See, e.g., Spacil*, 489 F.2d at 619; *United States v. Truong Dinh Hung*, 629 F.2d 908, 913–14 (4th Cir. 1980). Furthermore, "in the chess game that is diplomacy only the executive has a view of the entire board and an understanding of the relationship between isolated moves." *Spacil*, 489 F.2d at 619.

of state or head of government to suit after the Executive Branch has determined that the head of

state or head of government is immune.[4]

8.      Under the customary international law principles accepted by the Executive

Branch, head of state immunity attaches to a head of state's or head of government's status as the

current holder of the office.  After a head of state or head of government leaves office, however,

that individual generally retains residual immunity only for acts taken in an official capacity

while in that position.  *See* 1 *Oppenheim's International Law* 1043–44 (Robert Jennings &

Arthur Watts eds., 9th ed. 1996).  In this case, because the Executive Branch has determined that

Prime Minister Manmohan Singh, as the sitting head of a foreign government, enjoys head of

state immunity from the jurisdiction of U.S. courts in light of his current status, Prime Minister

Singh is entitled to immunity from the jurisdiction of this Court over this suit.

---

[4] *See, e.g.*, *Tawfik v. al-Sabah*, 2012 WL 3542209, *3-*4 (S.D.N.Y. Aug. 16, 2012); *Manoharan v. Rajapaksa*, 845 F. Supp. 2d 260 (D.D.C. 2012), *aff'd*, 711 F.3d 178 (D.C. Cir. 2013); *Habyarimana v. Kagame*, 821 F. Supp. 2d 1244, 1263-64 (W.D. Okla. 2011) ("Where the United States' Executive Branch has concluded that a foreign head of state is immune from suit, and where it has urged the Court to take recognition of that fact and to dismiss the suit pending against said head of state, the Court is bound to do so."), *aff'd*, 696 F.3d 1029 (10th Cir. 2012); *Doe v. Roman Catholic Diocese of Galveston-Houston*, 408 F. Supp. 2d 272, 278 (S.D. Tex. 2005) ("The executive's [head of state immunity] determination is not subject to additional review by a federal court."); *Leutwyler v. Queen Rania Al-Abdullah*, 184 F. Supp. 2d 277, 280 (S.D.N.Y. 2001) (holding that the Executive Branch's immunity determination on behalf of the Queen of Jordan "is entitled to conclusive deference from the courts"); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297 (S.D.N.Y. 2001) (dismissing a suit against the President and Foreign Minister of Zimbabwe based upon a Suggestion of Immunity filed by the Executive Branch), *aff'd on other grounds sub nom.*, *Tachiona v. United States*, 386 F.3d 205 (2d Cir. 2004); *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1104, 1119 (D.D.C. 1996) ("The United States has filed a Suggestion of Immunity on behalf of H.H. Sheikh Zayed, and courts of the United States are bound to accept such head of state determinations as conclusive."); *Alicog v. Kingdom of Saudi Arabia*, 860 F. Supp. 379, 382 (S.D. Tex. 1994) (concluding that the recognition by the Executive Branch of King Fahd's immunity as the head of state of Saudi Arabia required dismissal of a complaint against King Fahd for false imprisonment and abuse), *aff'd*, 79 F.3d 1145 (5th Cir. 1996); *Lafontant v. Aristide*, 844 F. Supp. 128, 132 (E.D.N.Y. 1994) (recognizing that the determination by the Executive Branch of Haitian President Aristide's immunity was binding on the court and required dismissal of the case); *Anonymous v. Anonymous*, 181 A.D.2d 629, 629–30 (N.Y. Sup. Ct. App. Div. 1992) (dismissing suit against unnamed head of state based on Executive Branch determination of immunity); *Kline v. Kaneko*, 535 N.Y.S. 2d 303, 304-05 (N.Y. Sup. Ct. 1988) (dismissing suit based on "conclusive" determination of head of state immunity), *aff'd*, 546 N.Y.S. 2d 506 (N.Y. App. Div. 1989).

**CONCLUSION**

For the foregoing reasons, the United States respectfully submits to the Court that Prime

Minister Singh is immune in this action.


Dated:  May 2, 2014                              Respectfully submitted,

                                                 STUART F. DELERY
                                                 Assistant Attorney General

                                                 RONALD C. MACHEN, JR.
                                                 United States Attorney

                                                 ANTHONY J. COPPOLINO
                                                 Deputy Director

                                                 s/ Michelle R. Bennett
                                                 MICHELLE R. BENNETT (CO Bar No. 37050)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 20 Massachusetts Avenue N.W. Room 7310
                                                 Washington, D.C. 20530
                                                 Tel: (202) 305-8902
                                                 Fax: (202) 616-8470
                                                 Email: michelle.bennett@usdoj.gov

                                                 *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2014, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which sent notice of such filing to all parties.


<u>s/ Michelle R. Bennett</u>

MICHELLE R. BENNETT