**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIKHS FOR JUSTICE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:13-cv-01460-JEB |
| MANMOHAN SINGH, | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE-OPPOSION TO**
**SUGGESTION OF IMMUNITY**
**SUBMITTED BY THE UNITED STATES OF AMERICA**

The plaintiffs hereby submit their response to the suggestion of immunity dated submitted by the United States of America in the above titled case.

The plaintiffs oppose the suggestion of immunity submitted by the United States of America on the basis and grounds that the issue of immunity to the defendant Manmohan Singh in this case has become moot and redundant.

The United States based its suggestion of immunity for the defendant on the grounds that defendant Manmohan Singh, as Prime Minister of India is "head of a foreign government". The plaintiffs submit that Manmohan Singh is not the Prime Minister of India anymore and therefore the grounds on which the immunity is suggested is vitiated.

The plaintiffs' request the court to take a "judicial notice" that on May 26, 2014, Mr. Narendra Modi took the oath of the Office of Prime Minister of India. Manmohan Singh, the defendant in this case is no longer the Prime Minister of India and therefore does not enjoy immunity as "head of a foreign government".

The plaintiffs' opposition is also supported by the law as laid down by the United States Supreme Court. *See Samantar v. Yousuf*, 130 S. Ct. 2278, 2292–93.

RECEIVED
Mail Room
JUN 17 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

On June 1, 2010, the U.S. Supreme Court decided unanimously in *Samantar v. Yousef* that the Foreign Sovereign Immunities Act (FSIA), which governs the immunity of foreign states in U.S. courts, does not apply in suits against foreign officials. The ruling clarifies that officials of foreign governments, whether present or former, are not entitled to invoke the FSIA as a shield, unless the foreign state is the real party in interest in the case. Samantar's particular facts involve the Alien Tort Statute (ATS) and the Torture Victims Protection Act (TVPA), but the ruling applies to all causes of action against foreign officials.

In that case, the Samantar who was Vice President, Minister for Defense and Prime Minister of Somalia pleaded immunity from the law suit brought against him for the acts of tortured that he had authorized in his "official capacity". The Supreme Court of the United States held that acts of foreign officials are not covered under the immunity provided by the FSIA.

Because FSIA does not cover acts committed by the foreign officials in their "official capacity" and because defendant Manmohan Singh is not Prime Minister of India, the plaintiffs oppose the suggestion of immunity submitted by the United States in this case.

Submitted on this 16th day of June, 2014

Avtar Singh

**PLAINTIFF**
**"Sikhs for Justice"**
through its Coordinator -- Avtar Singh
Empire State Building
350 Fifth Ave, 59th Floor,
New York, NY 10118
T: 212.301.2707 & F: 212.601.2610

**PLAINTIFF**
Inderjit Singh