IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Leave to file GRANTED
9-18-14
James E. Boasberg
United States District Judge

| | | |
|---|---|---|
| SIKHS FOR JUSTICE, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 1:13-cv-01460-JEB** |
| MANMOHAN SINGH, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO DENY IMMUNITY TO MANMOHAN SINGH, FORMER PRIME MINISTER OF INDIA

The plaintiffs hereby request the court to deny immunity to the defendant Manmohan Singh, former Prime Minister for India, as suggested by the United States, on the grounds and for the reasons given below:

**a. US Government's Suggestion of Immunity to Manmohan in a case involving allegations of "human rights" contravenes the laws of the United States.**

United States of America, its laws, legislature and people are very sensitive to the issue of human rights offenses. The sensitivity of the Americans towards human rights abuses and resolve to have the perpetrators punished was materialized by Congress by promulgating the *Human Rights Enforcement Act of 2009* (Public Law 111-122) which requires the United States government to "take appropriate legal action against individuals "suspected" of committing serious human rights offences". (See Section 509B(b)(1). The same law further provides for the "criminal prosecution under the laws of the United States or in a foreign jurisdiction that is prepared to undertake a prosecution".

Under Human Rights Enforcement Act of 2009, US Government is bound to "take appropriate legal action" even if when some is merely "suspected" of having committed human rights violations. (See Section 509(b)(1). In this case, the allegations against defendant of financing and sponsoring "extra judicial killing of Sikhs by Security Forces in the state of Punjab " clearly fall within the definition of "violation of human rights" and thus the US Government is bound to follow the law passed by the US Congress and take legal action for investigating and prosecuting the defendant rather than protecting him from law suit by suggesting immunity for him.

RECEIVED
Mail Room
JUL 16 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

In the light of the clear provisions of the Human Rights Enforcement Act of 2009, the United States' suggestion of immunity for defendant Manmohan Singh clearly violates the law of the land.

The suggestion of immunity to Manmohan Singh is blatant use of executive power by the US Government.

**b. US Government's suggestion of immunity to Manmohan Singh violates *Jus Congen*, a norm of international law.**

The Executive Branch has no power to immunize former Prime Minister Manmohan Singh, or for that matter any head of state, for acts that violate *jus cogens* norms of international law. The *jus cogens* norms are:

> A *jus cogens* norm is a special type of customary international law. A *jus cogens* norm "'is a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character.'" *See Siderman de Blake v. Republic of Argentina,* 965 F.2d 699, 714 (9th Cir.1992) (*quoting* Vienna Convention on the Law of Treaties, art. 53, May 23, 1969, 1155 U.N.T.S. 332, 8 I.L.M. 679). Most famously, *jus cogens* norms supported the prosecutions in the Nuremberg trials. *See Siderman,* 965 F.2d at 715 (9th Cir.1992) ("The universal and fundamental rights of human beings identified by Nuremberg — rights against genocide, enslavement, and other inhumane acts ... — are the direct ancestors of the universal and fundamental norms recognized as *jus cogens.*").
>
> "Courts seeking to determine whether a norm of customary international law has attained the status of *jus cogens* look to the same sources [as for customary international law], but must also determine whether the international community recognizes the norm as one 'from which no derogation is permitted.'" *See id.,* 965 F.2d at 715 (quoting *Committee of U.S. Citizens Living in Nicaragua v. Reagan ("CUSCLUN"),* 859 F.2d 929, 940 (D.C.Cir.1988)). "While *jus cogens* and customary international law are related, they differ in one important respect. Customary international law, like international law defined by treaties and other international agreements, rests on the consent of states." *Id.* In contrast, a state is bound by *jus cogens* norms even if it does not consent to their application.
> *Sampson v. Federal Republic of Germany,* 250 F.3d 1145, 1149-50 (7th Cir.2001)

"International law does not recognize an act that violates jus cogens as a sovereign act." *Siderman,* 965 F.2d at 718. Thus, a violation of jus cogens norms "would not be entitled to the immunity afforded by international law." *See id.*

In this case, defendant Manmohan Singh is accused of sponsoring and funding "cash for bullet" policy in the state of Punjab which authorized and enabled security forces to extra judicially and summarily kill Sikhs. Defendant Manmohan Singh during his tenure as Fianance Minister of

India was directly responsible and in charge for disbursing funds and money for so called "counter insurgency operations" in the state of Punjab which resulted in the death of hundreds of thousands of Sikhs in the hands of security forces. Not only that, defendant Manmohan Singh approved, disburses and distributed cash awards to the police men and security forces officials for killing Sikh "insurgents" in the state of Punjab during his tenure as Finance Minister of India. The factual predicate of the allegations of gross human rights violations i.e. "extra judicial killings and torture in the sate of Punjab during the decade of 1990", is not only well documented by none less than US Department of State in its annual country conditions reports for India for the 1990s and several other reputable international human rights NGOs including Amnesty International and Human Rights Watch, but more importantly, this factual predicate has also been judicially and administratively recognized by the United States in that United States Executive Branch acting through Asylum Division of the USCIS (formerly INS), its Federal Immigration Courts and its Federal District and Circuit Court (as a reviewing courts for denial of asylum cases) have granted asylum and refugee status to thousands of Sikhs from the state of Punjab who fled India to save themselves from the risk of being "extra judicially killed and/or tortured" in the hands of security forces during the decade of 1990. Since it is an undisputed fact that defendant Manmohan Singh was Finance Minister of India during that decade, it follows that he is responsible for funding and financing the acts that violated *jus cogen* and therefore should not be granted immunity.

**c. The suggestion of Immunity shocks the conscience and violates the fundamental policy principle of the United States i.e. "protecting and promoting human rights".**

United States Declaration of Independence which forms the basis of US Constitution and provides the guiding principles famously provides that all people have inalienable right to "life, liberty and pursuit of happiness" and then goes on to specify the purpose of US Government as the one to "secure" and guarantee these rights. With this background in mind, it is despicable that today the United States Government instead of protecting and promoting the human rights is protecting and shielding a known human rights violator. In addition to the moral standing of the Government's suggestion in this case, it also raises serious legal question whether the actions of the Executive Branch are above the constitution and the guiding principles as laid down by the founding fathers?

Based on the above, the plaintiffs move the court to disregard the suggestion of the United States and deny immunity to defendant Manmohan Singh.

Submitted on this 15th day of July, 2014

**PLAINTIFF**
Inderjit Singh

**PLAINTIFF**
**"Sikhs for Justice"**
through its Coordinator -- Avtar Singh

Empire State Building
350 Fifth Ave, 59th Floor,
New York, NY 10118
T: 212.301.2707 & F: 212.601.2610